JAMES N. CONAWAY *vs.* JOHN E. ISAACS.

1. TRESPASS—DEFENSES—TITLE OR LICENSE.
Where the plaintiff was in actual possession of the land at the time of defendant's entry to cut timber, such entry was a trespass, unless he could prove title to the premises or a license to make such entry.

2. TRESPASS—POSSESSION OF PLAINTIFF—EFFECT.
Where the defendant in trespass admits cutting trees, of which the plaintiff was in possession, plaintiff can recover without further proof of title, unless the defendant proves paramount title, or possession in common with the plaintiff.

3. BOUNDARIES—CONTROL OF COURSES AND DISTANCES BY NATURAL AND KNOWN BOUNDARIES.
Where a deed calls for natural and known boundaries inconsistent with a description by courses and distances, the natural and known boundaries control such courses and distances.

4.  TRESPASS—DAMAGES—CUTTING AND REMOVAL OF TIMBER.
    In an action for trespass by the cutting and removal of timber, the plaintiff was entitled to such damages as the evidence showed he had suffered.

.5.  EVIDENCE—WEIGHT AND SUFFICIENCY.
    In civil actions a preponderance or greater weight of the evidence controls.

6.  TRIAL—QUESTION FOR JURY—WEIGHT OF EVIDENCE.
    The jury are the judges of the weight and value of evidence and the credibility of witnesses.

7.  EVIDENCE—DELIBERATIONS OF JURY—RECONCILING TESTIMONY.
    Where there is a conflict in the testimony, the jury must reconcile it, if possible; if not, they must credit that part which they deem most worthy of credit, and reject that part which they deem unworthy of credit.

(*April* 17, 1915.)

Judges RICE and HEISEL sitting.

*Henry R. Isaacs* (of the New Castle County Bar), *Robert C. White* and *James M. Tunnell* for plaintiff.

*John M. Richardson* and *Charles W. Cullen* for defendant.

Superior Court, Sussex County, April Term, 1915.

ACTION OF TRESPASS QUARE CLAUSUM FREGIT (No. 40, February Term, 1914), brought by James N. Conaway against John E. Isaacs, to recover the value of certain timber trees growing upon plaintiff's land, in Nanticoke Hundred, Sussex County, alleged to have been wrongfully cut and carried away by defendant on the eighth day of July, 1913.

Further facts appear in the charge of the court.

HEISEL, J., charging the jury:

Gentlemen of the jury:—The plaintiff in this case, James N. Conaway, complains of John E. Isaacs, the defendant, of a plea of trespass *quare clausum fregit*, and claims that on the eighth day of July, 1913, John E. Isaacs, the defendant, trespassed upon his land situate in Nanticoke Hundred, this county, and there cut down his growing pine trees, etc., whereby he, the plaintiff, sustained injury, and claims damages for the same.

The defendant admits going upon the land in question and cutting the pine trees, and claims he had the right to do so, by reason of his ownership of the land.

We will not attempt to call to your attention the numerous deeds introduced in evidence by both parties to the action; they will be before you and you may refer to them during your deliberation should you so desire.

[1]   If you should be satisfied from a preponderance of the evidence that the plaintiff, Conaway, had the actual possession of the land at the time of the entry upon it by the defendant, it would constitute the latter a trespasser, unless he, the defendant, could prove on his part a title to the premises, or a right otherwise, as by license or permission, to make such entry. Of such license or permission there is no evidence.

[2]   If, therefore, the plaintiff has proved to your satisfaction that he was, at the time of the trespass, in possession of the land where the pine trees were cut, as the cutting of the trees is admitted by the defendant, he would be entitled to recover damages for the trespass without further proof of title, unless the defendant, Isaacs, has proved to your satisfaction a better title to the premises, or a possession, in common with the plaintiff of them.

Plaintiff claims under the deed of Eliza Alexander, bearing date the twenty-seventh day of February, 1902, recorded in *Deed Record No.* 195, *page* 88; the land therein conveyed being described as follows:

All that certain tract, piece or parcel of land lying and being situate in Nanticoke Hundred, Sussex County and State of Delaware, described as follows, to wit: Beginning seventy-five perches from the grist mill known as the Collins Mills Bridge, a corner for what is known as the mill lot, thence in an easterly course and with the public road leading from Bridgeville to Georgetown to a point where the public road leading from Concord to Milford crosses said Georgetown and Bridgeville road, thence with said Concord and Milford road to the land of Baptist Conwell, thence with said Conwell's land to high-water mark in the Collins mill pond; thence down and with said pond at high-water line to two pine stumps a corner of the mill lot, thence with a line of said mill lot as the same is known back to said starting point, containing one hundred and forty (140) acres of land more or less, it being a part of what is known as the Collins mill farm and being all that part of said farm lying east of said mill pond from said high-water mark and between said two public roads and said Collins land.

Defendant claims under the deed of William R. Hitchens and Mary E., his wife, bearing date the twenty-fifth day of April,

1911, recorded in *Deed Record No.* 177, *page* 154; the land therein conveyed being described as follows:

All that certain tract, lot, piece or parcel of land, mill seat, mill lot, mill house, mill dam, mill pond, mill stream and branch, water rights, privileges and easements thereto belonging called and commonly known as Collins Mill, located on both sides of the public road in Nanticoke Hundred, Sussex County and State of Delaware, adjoining lands of James H. Conaway, Charles T. Isaacs, James N. Russell, John Emory Isaacs and others, be the contents thereof what they may improved by a two-story grist mill house and machinery therein belonging, a two-story frame dwelling house and machinery therein belonging, a two-story frame dwelling house with store house attached, stables, carriage house and other outbuildings thereon, and being the whole of tract, lot and parcel of land, mill seat and mill stream, mill dam and property which was conveyed to the said William R. Hitchens by Peter J. Hart, sheriff of Sussex County, by deed bearing date the eighteenth day of November, A. D. 1902, and now of record in the office for the recording of deeds at Georgetown, in and for Sussex County aforesaid, in Deed Record C. C. R., No. 143, folio 37, reference being thereunto had will fully appear.

The difference between the claims of the plaintiff as to the location of the western boundary line of his land and the claim of the defendant as to the eastern boundary line of his land, is the cause of the controversy in this case; therefore the course and location of the true line, dividing the properties of the plaintiff and defendant, is a question for your determination.

[3] Where a deed calls for natural and known boundaries which are inconsistent with the description given in the deed by courses and distances, such natural and known boundaries control the boundaries by courses and distances.

In locating the true boundary line between the land of the plaintiff and the land of the defendant, it will be necessary for you to first locate the lot mentioned in the deeds as the mill lot, or the lot known as the mill lot, and the eastern boundary line or course of the same, as this line determines the true dividing line between the land of the plaintiff and the land of the defendant. So that if you should find that the defendant entered into the land and cut the pine trees on the east, or Conaway side of the line dividing what is known as the mill lot from Conaway's land, your verdict should be for the plaintiff.

Both the plaintiff and defendant claim that they have shown a good paper title to the premises in dispute. You have in evidence

Verdict.

the records of the paper title claimed by each party, and the evidence which, it is contended, identifies the disputed premises with the premises described in the records.

[4] If you believe from the evidence that a trespass was committed by the defendant, as alleged, the plaintiff is entitled to your verdict for such damages as you may find, from the evidence, he has suffered.

[5] We will say to you that in civil actions, the preponderance of evidence controls. That is to say, you should determine the questions involved in this case according to the greater weight of the evidence.

[6, 7] You are the judges of the weight and value of the evidence, as well as the credibility of the witnesses. Where there is conflict in the testimony, it is your duty to reconcile it if you can. If you cannot, you should give credit to that part of the testimony which you deem most worthy of credit.

Gentlemen, we say to you that under the evidence, we do not think this a case for exemplary damages, and that your verdict, if for the plaintiff, should be for such a sum as would compensate him for the injury to his land, if any, as shown by the evidence.

Verdict for plaintiff.